■ In the Matter of RICHARD J. MORRIS et al., Petitioners, and SUE E. SCHLOSSER et. al., Respondents, v ERSA H. POSTON, as President of the Civil Service Commission of the State of New York, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: The State appeals from a judgment in a CPLR article 78 proceeding the effect of which was to direct the restoration of accrued vacation time to six employees (including two of the three petitioners) in the Rochester office of the New York State Department of Transportation. The employees had been sent home early in the afternoon on April 4, 1974 when, due to a sudden and severe snowstorm in the Rochester area, the Governor authorized the closing of State offices and directed that employees should be released from work and that their absence should be charged to accrued leave credits. The applicable rule for absence due to extraordinary weather conditions required that "[S]uch time off shall be charged against accumulated vacation, overtime or sick leave credits" (Civil Service Attendance Rule 21.7, 4 NYCRR 21.7). On April 16, 1975 one of the petitioners, requesting restoration of his leave credits, instituted a noncontract grievance pursuant to section 6 (subd [b]) of Executive Order No. 42 (9 NYCRR 1.42) which establishes a procedure for the review of grievances *not reviewable* under other specified procedures including those set forth in the rules of the New York State Civil Service Commission. The chargeability of leave due to extraordinary weather conditions was not a proper subject of a grievance under Executive Order No. 42, however, because a review procedure was available under the civil service attendance rules for obtaining suspension of rule 21.7 "on approval by the State Civil Service Commission of a written request by the appointing authority in the agency in which the emergency exists" (4 NYCRR 25.1). Pursuant to rule 25.1, on June 9, 1975 the Director of Personnel of the Department of Transportation requested a waiver of rule 21.7 with respect to the April 4, 1975 absences. The Civil Service Commission notified the Director of Personnel by letter dated June 30, 1975 that the request had been denied. Petitioners nevertheless continued with the grievance procedure and did not commence this CPLR article 78 proceeding until April 28, 1976, more than four months after the Civil Service Commission's determination became final and binding and the Director of Personnel was notified of the decision. Therefore the CPLR article 78 proceeding was time barred under CPLR 217. Petitioners do not deny that they were advised of the June 30, 1975 denial of the request by the Director of Personnel for suspension of the applicable rule. The fact that they mistakenly persisted in an attempt to review the matter as a grievance under Executive Order No. 42 before initiating the CPLR article 78 proceeding does not exempt them from the operation of CPLR 217. Moreover, petitioners have made no showing that the commission's refusal to grant an exception to rule 21.7 was an abuse of discretion or arbitrary and capricious. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.